(C.R.D. 73-22)

J. C. PENNEY CO., INC. *v.* UNITED STATES

Court Nos. R67/10673, etc.

(Dated November 9, 1973)

*William A. Victor, John B. Pellegrini,* and *George W. Nash* for the plaintiff.
*Irving Jaffe,* Acting Assistant Attorney General (*Saul Davis,* trial attorney), for the defendant.

NEWMAN, Judge: Plaintiff, by John B. Pellegrini, Esq., has filed a motion to amend its complaints in these actions, to which motion defendant has interposed an opposition. The sole issue raised by defendant concerns the status of Mr. Pellegrini in light of rule 16.3.

Briefly, the pertinent facts are:

On August 16, 1973, defendant moved to strike the complaints filed in these actions, which plaintiff now seeks to amend. Defendant's motion to strike was predicated upon the fact that the complaints were not filed in the name of plaintiff, but rather in the name of a subsidiary corporation. The motion was served upon plaintiff's then attorney of record, William A. Victor, Esq.

On August 28, 1973, Mr. Pellegrini filed an opposition to defendant's motion to strike, and also served amended complaints substituting the name of plaintiff for its subsidiary in the complaints. At that time, Mr. Pellegrini was not plaintiff's attorney of record, but neither the clerk nor the defendant called that fact to the attention of the motion part judge.

On September 10, 1973, an order was entered by the motion part judge (not published) denying defendant's motion to strike on condition that plaintiff file, within fifteen days of the service of the order, a motion to amend, together with a proposed order and the amended

complaints.[1] Thereafter, on September 20, 1973 Mr. Pellegrini filed such a motion, a proposed order and amended complaints, which are now before me.

On October 9, 1973, defendant interposed its aforesaid opposition to the present motion on the ground that Mr. Pellegrini was not plaintiff's attorney of record, since he had not complied with rule 16.3.

Rule 16.3, so far as pertinent, reads:

(a) **Notice of Appearance:** Attorneys authorized to appear in actions pending before the court shall file notice thereof in writing with the clerk. Such notice shall state the title and court number of the action, and the name, address and telephone number of the attorney or attorneys so appearing. The notice shall be substantially in the form as set forth in Appendix F.

(b) **Initial Document:** If the summons or other paper commencing an action bears the name and address of any member or members of the bar of this court, he or they shall be recognized as the attorney or attorneys of record and no separate notice of appearance shall be required in such action.

(c) **The United States:** The Assistant Attorney General, Civil Division, Department of Justice, shall be considered as having entered an appearance in all actions in which the United States is a party.

(d) **Attorney of Record:** An appearance may be made in the name of an individual attorney or in a firm name. If an appearance is made in a firm name, the name of the individual attorney responsible for the litigation shall also be stated.

(e) **Appearance—Admission To Practice:** Except in an action commenced by an individual in his own behalf, only an attorney admitted to the bar of this court may enter an appearance or practice before this court.

(f) **Substitution of Attorneys:** A party to any action who may desire to substitute an attorney in place of the one of record may do so by filing a notice therefor expressing his consent, signed by himself and the attorney of record. The notice shall be substantially in the form as set forth in Appendix G. If the consent of the previous attorney of record is annexed to or endorsed on the notice, substitution shall be accomplished by an appropriate entry on the docket of the court. A notice of appearance shall be filed by the substituted attorney. * * *

\* \* \* \* \* \* \*

Rule 16.3(b) is clear that only those attorneys whose name and address appear on the papers commencing the action are recognized as the attorneys of record, and that any other attorneys who represent a plaintiff must file a separate notice of appearance, as specified in rule 16.3(a). Further, rule 16.3(f) requires that a notice of substitution, as

---

[1] As previously noted, amended complaints correcting plaintiff's name had previously been filed on August 28, 1973 by Mr. Pellegrini who, however, had not filed a notice of appearance.

well as a notice of appearance, be filed if an attorney replaces the prior attorney of record.

An examination of the court's official files shows that Sharretts, Paley & Carter, Esqs. were the original attorneys of record appearing on the appeals for reappraisement; that plaintiff filed a notice of consent pursuant to rule 16.3(f) that William A. Victor, Esq. and George W. Nash, Esq. be substituted as its attorneys; and that William A. Victor has filed a notice of appearance. Moreover, the court's records do not reveal that Mr. Pellegrini had filed notices of appearance in these cases at the time the present motion was filed, as required by rule 16.3.[2]

Under all of the circumstances herein, including the order of September 10, 1973, I think that rule 16.3 of this court can be adequately complied with, and the interests of justice served, by denying the plaintiff's present motion, but without prejudice to an appropriate renewal thereof by an attorney of record for plaintiff within thirty days after service of a copy of this order.

Defendant's request to strike all documents filed by Mr. Pellegrini is denied, no question having been previously raised by defendant concerning Mr. Pellegrini's compliance with rule 16.3—otherwise and unjustly, plaintiff could be found in default of the order of September 10, 1973.

(C.R.D. 73–23)

---

[2] After completion of this opinion, I was advised that Messrs. Pellegrini and Nash filed notices of appearance in these cases on October 31, 1973.